**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | | |
|---|---|---|
| MICHAEL JAMES McADAMS, | : | |
| | : | Civ. No. 19-17800 (RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| WARDEN KAREN TAYLOR, *et al.*, | : | |
| | : | |
| Respondents. | : | |

**BUMB**, District Judge

    Petitioner Michael James McAdams, a convicted and sentenced prisoner in Camden County Correctional Facility in Camden, New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (Pet., ECF No. 1.) The matter is now before the Court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), which provides that the Court shall dismiss the petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief …."

I.   THE PETITION

    Petitioner is challenging a conviction in the New Jersey Superior Court, Camden County pursuant to a plea agreement on drug charges and credit card theft, for which he received a five-year prison sentence, suspended to five-years in Drug Court on February 25, 2019. (Pet., ECF No 1, ¶¶1-6.) Petitioner seeks to bring claims

of ineffective assistance of counsel. (Pet., Attachments, ECF No. 1-1 through 1-4.) Petitioner did not file a direct appeal or a post-conviction relief petition in state court. (Pet., ECF No. 1, ¶¶12-13.)

II. DISCUSSION

28 U.S.C. § 2254(a), (b) provides:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Petitions under 28 U.S.C. § 2254 that contain only unexhausted claims should be dismissed without prejudice, unless there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. See e.g. Jones v. Morton, 195 F.3d 153, 160 (3d

2

Cir. 1999). A petitioner must present his claims in state court prior to obtaining review in federal court. Jones, 195 F.3d at 160.

Petitioner has not made a showing that there is an absence of available State corrective process. Ineffective assistance of counsel claims are typically brought in New Jersey Superior Court in a petition for post-conviction relief. See NJ R. Cr. R. 3:22-4(a) (First Petition for Post-Conviction Relief).

III. CONCLUSION

In the accompanying Order filed herewith, the Court will dismiss the habeas petition without prejudice because Petitioner's claims are unexhausted in state court.

**Dated: October 28, 2019**

    s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**